**INTERNATIONAL GENERAL ELECTRIC S. A., INC., Creditor, Appellant,**

v.

**Rodrigo OTERO SURO, Trustee, Appellee.**

[In the Matter of Tropical Hotel Corporation, Bankrupt.]

No. 5361.

United States Court of Appeals First Circuit.

March 17, 1959.

George L. Weasler and Cintron Rivera & Weasler, Santurce, P. R., on brief for appellant.

No brief for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HASTIE, Circuit Judges.

PER CURIAM.

The appeal here is from an order of the United States District Court for the District of Puerto Rico denying a petition to review an order of the referee in bankruptcy which had denied a reclamation petition filed by International General Electric S. A., Inc., against the trustee in bankruptcy.

A short brief was filed by counsel for appellant. Afterward the appearance for appellant by this counsel was withdrawn and no substitute appearance has been entered. As a result, when this case was called for argument at our recent session in San Juan, nobody appeared on appellant's behalf. Counsel who had entered an appearance for the appellee filed no brief and offered no oral argument.

The record appendix printed on appellant's behalf contains the petition to review the referee's order, the certificate on review filed by the referee, and the order by the district court affirming the referee's order and denying the petition for review. Though the referee's certificate states that there has been annexed as part of the certificate the referee's order denying the reclamation petition, and though the certificate also contains a statement that, "No findings of fact additional to those contained in the order itself are made except as indicated below", nevertheless the referee's order has not been printed in the appellant's appendix for our consideration. As the referee's certificate points out, "the case is one of interpreting the nature of the transaction whereby the air conditioning equipment ended up in the hands of the bankrupt. The referee concluded that the transaction was a sale and that title had therefore passed to the bankrupt, and the reclamation petition of the creditor was thus denied."

Under the circumstances we do not think it necessary for us to examine the original papers on file in our clerk's office, in order to strain to find some ground for reversing the order of the district court.

No doubt the agreement between appellant and the debtor called for the execution of a conditional sales contract after delivery of the equipment to the job site. However, it is clear that no conditional sales contract was ever executed, although a cash down payment of $1,500 was received by the seller, and retained, and the equipment was delivered and installed at the job site. The seller twice sent bills to the bankrupt for the price of the equipment plus the labor, materials, and costs of installation.

We see no error in the referee's conclusion that, whatever may have been the original intention of the parties, it could not have been found that the intention of the seller was merely to lend the equipment to the bankrupt. The transaction appears to have been an unconditional sale upon the personal credit of the buyer. Title passed to the bankrupt, and through him to the trustee in bankruptcy.

A judgment will be entered affirming the order of the District Court.